UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARY ANN ALVARADO,**

**Plaintiff,**

**v.**                                                              **Case No. 5:19-CV-0106-JKP**

**TEXAS HEALTH AND HUMAN
SERVICES COMMISSION (THHSC),
Operating as the San Antonio State
Supported Living Center, et al.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* (ECF No. 42). The motion is ripe for ruling. For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

In February 2019, Plaintiff commenced this civil action asserting various claims. *See* Pl.'s Orig. Compl. (ECF No. 3). When the undersigned received this case via re-assignment on September 25, 2019, there was a pending motion to dismiss by Defendants. On November 7, 2019, the Court issued a Scheduling Order (ECF No. 29) setting a May 7, 2020 discovery deadline; a June 8, 2020 deadline for filing a joint report setting forth the status of settlement negotiations; and a June 22, 2020 dispositive motion deadline. That same day, the Court stayed discovery until it issued a ruling on the motion to dismiss. *See* Order (ECF No. 30).

On December 17, 2019, the Court issued a Memorandum Opinion and Order (ECF No. 31) granting in part and denying in part the motion to dismiss while allowing Plaintiff to amend her complaint in certain aspects. Plaintiff thereafter filed her Second Amended Complaint (ECF No.

39) past the deadline with Court approval, *see* Order (ECF No. 38).

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1871, 42 U.S.C. § 1983, Plaintiff sues defendants Texas Health and Human Services Commission ("THHSC") operating as the San Antonio State Supported Living Center, a political subdivision of the State of Texas, and Cheryl Rhodes. Pl.'s Second Am. Orig. Compl. at 1-2, 30-43. Through § 1983, Plaintiff asserts procedural and substantive due process violations under the Fourteenth Amendment against Rhodes in her individual capacity. *Id*. ¶¶ 61-87. Through Title VII, Plaintiff asserts a retaliatory discharge claim against THHSC. *Id*. ¶¶ 88-93. She seeks compensatory and punitive damages. *Id*. ¶¶ 94-97.

Defendants have moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). With respect to claims against Rhodes, they argue that (1) Plaintiff has not overcome qualified immunity; (2) alleged substantive due process violations were previously dismissed and Plaintiff has not cured the reasons for dismissal in the amended complaint; (3) Plaintiff cannot show that Rhodes deprived her of a constitutionally protected liberty interest; and (4) Plaintiff has failed to allege a procedural due process claim. With respect to the Title VII claims against THHSC, they argue that (a) some alleged acts of retaliation fall outside the 300-day filing require- ment and are thus time-barred and (b) punitive damages are not available under Title VII. As to the untimeliness argument, Defendants seek an order making it clear that Plaintiff cannot recover for any alleged retaliation that occurred prior to January 6, 2018.

In response, Plaintiff agrees that January 6, 2018, is the appropriate cut off for alleged retaliatory acts based upon her federal charge of discrimination filed on or about November 2, 2018. However, she argues that the retaliatory acts that are the subject of this suit occurred within the 300-day limit and points out that her termination occurred on or about January 24, 2018.

Furthermore, she contends that she had earlier filed an administrative complaint with the Texas Health and Human Services Commission and because the date of that complaint is presently unknown, the 300-day period cannot be calculated precisely at this time. Additionally, Plaintiff argues she has alleged a cognizable procedural due process claim and that Rhodes is not entitled to qualified immunity.

The motion to dismiss became ripe for ruling with Defendants' reply brief (ECF No. 57), filed July 10, 2020. Although Defendants purport to proceed with their motion only under Fed. R. Civ. P. 12(b)(6), the Court first addresses a jurisdictional issue.

## II. JURISDICTION

Defendants seek to dismiss the Title VII claim for punitive damages based on sovereign immunity under the Eleventh Amendment. Whether the Eleventh Amendment bars a claim due to sovereign immunity raises a jurisdictional challenge. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *pet. cert. filed*, No. 19-1441 (U.S. June 30, 2020).

Plaintiff does not address sovereign immunity or punitive damages in her response to the motion. It appears she may have no opposition to Defendants' position. Regardless, Title VII undoubtedly precludes punitive damage awards against a government agency like THHSC. *See* 42 U.S.C. § 1981a(b)(1) (expressly precluding recovery of punitive damages against government agencies); *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001). As an agency of the State of Texas, *see* Tex. Gov't Code § 531.021(a), THHSC enjoys the protections of sovereign immunity, *see Simmons v. Smith*, 774 F. App'x 228, 229 (5th Cir. 2019) (per curiam). Therefore, Plaintiff is precluded from obtaining punitive damages against the agency.

## III. RULE 12(b)(6) MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek dismissal of Plaintiff's claims asserted under 42 U.S.C. § 1983 for failure to state a claim for relief at least in part due to qualified

immunity. They also assert untimeliness as to some Title VII alleged retaliation and want the Court to make clear that Plaintiff cannot recover for any alleged retaliation that occurred prior to January 6, 2018.

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to

4

state a claim to relief that is plausible on its face."[1] *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Furthermore, when it "is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like," a defendant may rely on a statute of limitations defense to support dismissal under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Under 42 U.S.C. § 2000e-5(e)(1) and in "a 'deferral state' such as Texas," a person subject to an alleged unlawful employment practice must file a charge within 300 days of the challenged practice. *Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006) (per curiam); *accord Teague v. Williamson Cty.*, No. 1:18-CV-1098-RP, 2020 WL 2542869, at *6 (W.D. Tex. May 19, 2020). The filing of a Title VII charge is a non-jurisdictional precondition to suit. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1846, 1850-51 (2019). A defendant in a Title VII action may raise the precondition as "a potentially dispositive defense," *id.* at 1852, and

---

[1] Based upon references in the briefing received in this case, the Court expressly points out that it is no longer proper to rely on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and other cases predating *Iqbal* and *Twombly* to argue that courts may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle [the plaintiff] to relief," because "*Twombly* stepped away from that language used in *Conley*." *See O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *5 n.1 (W.D. Tex. Mar. 3, 2020).

5

untimely Title VII claims may be dismissed under Rule 12(b)(6), *see Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 574 (5th Cir. 2013) (per curiam). "For a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead herself out of court." *Brown v. DaimlerChrysler Corp.*, No. CIV. A. 399-CV-1286-D, 1999 WL 766021, at *1 (N.D. Tex. Sept. 24, 1999).

## A. Title VII

Invoking the 300-day filing requirement of 42 U.S.C. § 2000e-5(e)(1), Defendants ask the Court to clarify the resulting limitations on Plaintiff's Title VII retaliation claim. Plaintiff, however, has agreed that her retaliation claim is limited to the 300-day period preceding the filing of her charge of retaliation. She thus agrees to the calculation of January 6, 2018, as the appropriate temporal limit for alleged retaliatory acts. But that agreement is based solely upon her federal charge of discrimination filed on or about November 2, 2018. Because she contends that she had filed an earlier administrative charge that could affect the 300-day calculation, she argues it is premature to precisely conduct that calculation without conducting discovery on the earlier charge. Moreover, her termination occurred within 300-days of the November 2018 charge.

On its face, Plaintiff's Second Amended Complaint provides no basis to dismiss her Title VII retaliation claim entirely. Furthermore, although the amended complaint may include alleged retaliatory conduct that falls outside the 300-day period, the parties appear to have no disagreement as to how the 300-day period applies to her retaliation claim. Plaintiff merely wants an opportunity to explore an earlier filed charge through discovery before calculating the specific cut-off date for such claim. Such approach appears reasonable except it does not take into consideration that Plaintiff filed her response to the motion to dismiss on June 24, 2020, or about six weeks after discovery in this case closed. Nevertheless, given the reliance on a potential earlier charge, the Court declines

to delineate the specific temporal boundaries of the retaliation claim. It is sufficient, based on the motion before it, to find that the Second Amended Complaint does not facially show that the Court should dismiss her retaliation claim due to the 300-day period. The Court thus denies this aspect of the motion to dismiss.

**B. 42 U.S.C. § 1983**

Defendants also seek to dismiss Plaintiff's claims asserted under 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation and internal quotation marks omitted). "[T]here can be no § 1983 liability unless the plaintiff has "suffered a constitutional violation . . . at the hands of . . . a state actor." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012) (en banc).

Accordingly, for a § 1983 claim to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the plaintiff must allege that (1) a state actor, i.e., a person or entity acting under color of state law, (2) deprived the plaintiff of a federal constitutional right." *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL 3046881, at *11 (N.D. Tex. May 25, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL 3034317 (N.D. Tex. July 17, 2017); *accord Calhoun v. Mejia*, No. A-08-CA-135-SS, 2008 WL 11411254, at *3 (W.D. Tex. May 20, 2008) (quoting § 1983). And when a "motion to dismiss raises the defense of qualified immunity, the plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat a qualified immunity defense with equal specificity.'" *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)), *cert. denied*, 138 S. Ct. 739 (2018).

Because the factual allegations of a pleading must only reach a minimal level to satisfy the requirements of Rules 8(a) and 12(b)(6), a prior denial of a motion to dismiss is relevant to a subsequent motion absent unusual circumstances such as a reduction in the level of factual specificity or increased factual specificity clearly triggering a defense or otherwise making a previously plausible claim implausible. While an amended pleading undoubtedly controls the analysis, courts generally need not revisit or rehash in detail the reasons for a prior denial of a motion to dismiss absent such unusual circumstances. Furthermore, although increased factual specificity may alter a prior denial of qualified immunity, a motion for summary judgment is far superior to a second motion to dismiss.

In this case, based on a prior motion to dismiss, the Court previously found that Plaintiff's original complaint failed to allege facts sufficient for any substantive due process claim or a procedural due process claim based on her reputation, a protected liberty interest. Even though the Court found insufficient factual allegations for these claims, it granted Plaintiff leave to replead the procedural due process claim, with additional facts. But it did not grant Plaintiff leave to replead the substantive due process claim. The Court, furthermore, found Plaintiff's original factual allegations sufficient to support a procedural due process claim based on a protected property interest in her continued employment and her allegations were sufficient to overcome the qualified immunity defense for that claim under the Rule 12(b)(6) standards.

After Plaintiff filed her Second Amended Complaint, Defendants again moved to dismiss the § 1983 claims for lack of sufficient factual allegations and on grounds of qualified immunity. Unquestionably, with respect to factual allegations deemed insufficient on the first motion to dismiss, the second motion has potential merit, which the Court will address in due course. But with respect to the allegations previously deemed sufficient, a second motion to dismiss is at best

unlikely to succeed. As a general matter, circumstances rarely warrant a second motion to dismiss claims that the Court has previously deemed sufficient under Rule 12(b)(6).

Plaintiff has not reduced her factual allegations regarding her procedural due process claim based on a protected property interest. Instead, she has increased the factual specificity to more directly confront the assertion of qualified immunity. Her increased facts do not now make her property interest due process claim any less plausible. It is important to remember that at the motion to dismiss stage, the Court is not deciding whether the plaintiff will ultimately prevail on a challenged claim, but only whether the plaintiff should be permitted to present evidence on an adequately asserted claim.

Nor has Plaintiff's amended factual allegations made them insufficient to overcome qualified immunity as to her property interest due process claim. As the Court attempted to make abundantly clear in its ruling on the first motion to dismiss, Rule 12(b)(6) is a poor vehicle to present the qualified immunity defense. When parties seek dismissal under Rule 12(b)(6), they subject themselves to the pleading leniency of Rule 8(a), even with respect to a defense such as qualified immunity. Absent unusual circumstances, a subsequent motion to dismiss does not entitle the movant to a do over. In general, courts do not engage in the Rule 12(b)(6) dismissal process merely to conduct another full-blown dismissal analysis on the same or additional factual allegations. Upon reviewing the factual allegations of the Second Amended Complaint, the Court finds no reason to alter its prior rulings on Plaintiff's procedural due process claim based on a protected property interest or the sufficiency of the allegations with respect to overcoming the qualified immunity defense. The Court thus denies the motion to dismiss to that extent.

Defendants argue that, with Plaintiff's additional factual allegations regarding the termination process, it is apparent that Plaintiff is merely alleging that she received insufficient pre-

termination process rather than a complete absence of process. Plaintiff characterizes the issue of notice as whether the notice provided to her satisfied the minimum standards of due process because it (1) failed to specify all allegations against her; (2) she was not provided with the attachment purportedly provided; and (3) the alleged infractions or violations that formed the basis of the notice were so vague she could not determine what she allegedly did wrong. She alleges and, as part of her pleading, provides an employee handbook showing that she is not merely an at-will employee. She alleges that Defendants did not follow an applicable progressive disciplinary policy and that some alleged reasons for her termination were later overturned through an appeal process. Based on her factual allegations, Plaintiff is entitled to present evidence on her procedural due process claim. She has made sufficient allegations to overcome the assertion of qualified immunity and proceed further with this case on the procedural due process claim based on her protected property interest in her continued employment.[2] At the motion to dismiss stage, courts focus on whether the plaintiff has stated a plausible claim, not whether she will ultimately prevail. The merits of the claim will be better determined on a full evidentiary record.[3]

Turning toward Plaintiff's other asserted § 1983 claims, the Court agrees that Plaintiff cannot revive her substantive due process claim through her Second Amended Complaint. The Court previously dismissed that claim without leave for Plaintiff to re-assert it in her amended complaint. Furthermore, as previously found, "the cognizable level of executive abuse of power" which may qualify as conduct violating substantive due process must be of a kind that "shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Even had the Court permitted

---

[2] Plaintiff also asserts that she has a liberty interest in her continued employment. Whether considered as a property or liberty interest, the same analysis applies.

[3] Usually, this would mean proceeding to summary judgment. But the parties have strung out the motion to dismiss from its filing in February through the filing of the reply brief on July 10, 2020, after the passing of all deadlines in this case. Although they have extended their time to respond and to reply to the motion to dismiss, no party has sought to extend any other deadline.

Plaintiff to pursue a substantive due process violation through her amended complaint, her amended factual allegations are still insufficient in that respect.

That leaves Plaintiff's procedural due process claim based on her reputation. "The due process clause protects against arbitrary deprivation of both property and liberty interests." *Wells v. Doland*, 711 F.2d 670, 675 (5th Cir. 1983). "To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). Even without a constitutionally protected property interest, the "liberty protected by the due process clause encompasses an individual's freedom to work and earn a living." *Wells*, 711 F.2d at 676. Identifying a liberty interest in one's reputation satisfies the first prong of *Gentilello*, but Plaintiff must also allege that the governmental action, i.e., termination in this case, deprived her of that interest. For purposes of summary judgment,

> [t]o establish a liberty interest sufficient to implicate the fourteenth amendment's safeguards, the employee must show not only that he [or she] has been stigmatized, but that he [or she] was stigmatized in or as a result of the discharge process, that the charges were made public, and that he [or she] was denied a meaningful hearing to clear his [or her] name.

*Wells*, 711 F.2d at 676 (citations omitted). Because this case has not yet reached the summary judgment stage, Plaintiff must merely make sufficient allegations to survive a motion to dismiss, which for this procedural due process claim requires her to allege (1) stigmatization (2) resulting from the discharge process (3) through public charges (4) without a meaningful hearing to clear her name.

The Court previously found Plaintiff's factual allegations on her reputation claim insufficient to survive a motion to dismiss. Although the Second Amended Complaint contains additional information and allegations, it is remarkably sparse when it comes to allegations concerning

11

Plaintiff's reputation. In ¶ 84 of the Second Amended Complaint, she alleges that she has suffered damage to both her reputation and good name as a consequence of her unjustified termination. Relying on *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), Plaintiff suggests that is sufficient. Because that case involved a public stigmatization, it is consistent with the specific elements set out in *Wells* and provides no basis to find Plaintiff's factual allegations sufficient to state a procedural due process claim based upon reputation. As with the original complaint, Plaintiff wholly fails to make sufficient factual allegations to satisfy the stigmatization element. Accordingly, the factual allegations fail to state a due process reputation claim upon which relief can be granted and there is no need to address whether qualified immunity applies to such claim.

In summary, the Court finds Plaintiff's alleged facts sufficient to state a plausible procedural due process claim based on a protected property interest in continued employment, but the complaint lacks sufficient facts to state a procedural due process claim based on a protected liberty interest in her reputation or to state a plausible substantive due process violation. Based on these findings, the Court has no need to address qualified immunity except as it relates to the procedural due process claim based on the alleged property interest.

## IV. CONCLUSION

For the foregoing reasons the Court **GRANTS IN PART AND DENIES IN PART** *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* (ECF No. 42. It grants the motion to the extent Defendants seek to dismiss a punitive damage claim under Title VII and to dismiss certain due process claims as set out herein. It otherwise denies the motion. Consistent with Fed. R. Civ. P. 12(a)(4)(A), Defendants shall file their answer to the Second Amended Complaint within fourteen days of the date of this order.

Because all deadlines set in the Scheduling Order in this case have passed, the case is presumably ready for a trial setting. But that presumption appears farfetched. Nevertheless, no party

has sought to extend either the discovery or dispositive motion deadline. The parties also failed to file a joint status report as to settlement negotiations that was due in June. Because both sides have expressed a willingness to engage in mediation or some other form of alternative dispute resolution, *see* ECF Nos. 40-41 (ADR Reports), the Court directs them to submit a joint report on the status of settlement negotiations by **August 26, 2020**, and they shall engage in and complete mediation or some other agreeable form of alternative dispute resolution by **September 28, 2020**. Within fourteen days of the completion of alternative dispute resolution, the parties shall provide an updated joint report as to the status of settlement negotiations. The Court will not consider any motion regarding other deadlines until after the parties have engaged in alternative dispute resolution. By agreement, the parties may engage in informal discovery even though the deadline has passed, but there will be no intervention by the Court except in extraordinary circumstances.

      **IT IS SO ORDERED this 12th day of August 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**